AO 106 (Rev. 04/10) Application for a Search Warrant

# UNITED STATES DISTRICT COURT
for the
District of Kansas

In the Matter of the Search of )
*(Briefly describe the property to be searched* )
*or identify the person by name and address)* )   Case No.  22-MJ- 6201   -01-KGG
Information associated with the Google Account identified as )
BNSNYDER67@GMAIL.COM )
that is stored at premises controlled by Google LLC )

## APPLICATION FOR A SEARCH WARRANT

I, a federal law enforcement officer or an attorney for the government, request a search warrant and state under penalty of perjury that I have reason to believe that on the following person or property *(identify the person or describe the property to be searched and give its location):*
Information associated with the Google Account identified as BNSNYDER67@GMAIL.COM that is stored at premises controlled by Google LLC

located in the   Northern   District of   California  , there is now concealed *(identify the person or describe the property to be seized):*

See Attachment B.

The basis for the search under Fed. R. Crim. P. 41(c) is *(check one or more):*
 x evidence of a crime;
 x contraband, fruits of crime, or other items illegally possessed;
 x property designed for use, intended for use, or used in committing a crime;
 ☐ a person to be arrested or a person who is unlawfully restrained.

The search is related to a violation of:

| Code Section | Offense Description |
|---|---|
| 18 U.S.C. 2251 | Production of Child Pornography |
| 18 U.S.C. 2252A(a)(2) | Receipt/Distribution of Child Pornography |
| 18 U.S.C. 2252A(a)(5)(B) | Possession/Access with Intent to View Child Pornography |

The application is based on these facts:
SEE ATTACHED AFFIDAVIT OF PROBABLE CAUSE

 ☑ Continued on the attached sheet.
 ☐ Delayed notice of _____ days (give exact ending date if more than 30 days: _____ ) is requested under 18 U.S.C. § 3103a, the basis of which is set forth on the attached sheet.

*Applicant's signature*

John V. Ferreira, SA, Homeland Security Investigations
*Printed name and title*

Sworn to before me ~~and signed in my presence~~. telephonically

Date: Jul 28, 2022

*Judge's signature*

City and state:  Wichita, Kansas

Honorable Kenneth G. Gale, U.S. Magistrate Judge
*Printed name and title*

**AFFIDAVIT IN SUPPORT OF AN
APPLICATION FOR A SEARCH WARRANT**

I, John V. Ferreira, being first duly sworn, hereby depose and state as follows:

**INTRODUCTION AND AGENT BACKGROUND**

1. I have been employed as a Special Agent ("SA") of the U.S. Department of Homeland Security, Homeland Security Investigations ("HSI") since 2004 and am currently assigned to the Kansas Internet Crimes Against Children Task Force (ICAC). Previous to my employment with HSI, I was a state trooper/detective with the Arizona Department of Public Safety for nine (9) years. While employed by HSI, I have investigated federal criminal violations related to high technology or cybercrime, child exploitation, and child pornography. I have gained experience through training and everyday work relating to conducting these types of investigations. I have received training in the area of child pornography and child exploitation and have had the opportunity to observe and review numerous examples of child pornography (as defined in 18 U.S.C. § 2256) in all forms of media including computer media. Moreover, I am a federal law enforcement officer who is engaged in enforcing the criminal laws, including 18 U.S.C. §§ 2251, 2252, and 2252A, and I am authorized by law to request a search warrant.

2. This affidavit is made in support of an application for a search warrant under 18 U.S.C. §§ 2703(a), 2703(b)(I)(A) and 2703(c)(1)(A) to require Google to disclose to the government records and other information in its possession, further described in Attachment B, pertaining to the account(s), further described in Attachment A.

3. As will be shown below, there is probable cause to believe that the identified Google account(s) have been involved in the production, transportation, distribution, receipt, and possession of child pornography, in violation of 18 U.S.C. §§ 2251, 2252, and 2252A. I submit

this application and affidavit in support of a search warrant authorizing the search of the account(s) described in Attachment A. I seek authorization to examine the accounts to seize evidence, fruits, and instrumentalities, relating to the aforementioned criminal violations, and as further described in Attachment B.

4. The statements in this affidavit are based in part on information provided by Kik, Snapchat, the National Center for Missing and Exploited Children (NCMEC), and other law enforcement officers, including Wichita Police Department/Sedgwick County Sheriff investigators, and on my review and investigation into this matter. Because this affidavit is being submitted for the limited purpose of securing a search warrant, I have not included each and every fact known to me concerning this investigation. I have set forth only the facts that I believe are necessary to establish probable cause to believe that contraband and evidence, fruits, and instrumentalities of violations of 18 U.S.C. §§ 2251 (production of child pornography), 2252A(a)(2) (distribution/receipt of child pornography) and 2252A(a)(5)(B) (possession of child pornography) may be found in the account(s) described in Attachment A.

## JURISDICTION

5. This Court has jurisdiction to issue the requested warrant because it is "a court of competent jurisdiction" as defined by 18 U.S.C. § 2711. 18 U.S.C. §§ 2703(a), (b)(1)(A) & (c)(1)(A). Specifically, the Court is "a District court of the United States that has jurisdiction over the offense being investigated." 18 U.S.C. § 2711(3)(A)(i).

## PROBABLE CAUSE

6. On or about November 8, 2021, Snapchat submitted a Cyber Tip 106406735 to NCMEC identifying user "beautifulcat87" had uploaded 2 files of prepubescent children engaged in sex acts. Snapchat's report included the user's identifiers as well as the uploaded images (described below):

   a. Photo number one, with file name beautifulcat87-None-e9462d1d-a2a2-52df-8a85-c523095d3c83~5-5a13d1a705.jpg, depicted a prepubescent white female lying on her back. A white male was spreading the white females' buttocks with his left hand exposing the anus. Her vagina was also exposed. The male's penis was exhibited in the picture.

   b. Photo number two, with file name beautifulcat87-None-e9462d1d-a2a2-52df-8a85-c523095d3c83~80-2fe997665b.png, depicted a prepubescent white female lying on her back with a white male inserting his penis into her vagina.

7. Snapchat provided the user's identifiers, which included the user's email of **bnsnyder67@gmail.com (TARGET ACCOUNT)**, as well as the user's date of birth (which matched Brandi Snyder's DOB), and a user login IP address.

8. Detective McMahon obtained a search warrant from the Sedgwick County District Court for the Snapchat account, "beautifulcat87".

9. In response to the search warrant, Snapchat identified the account owner as Brandi Nicole Snyder. Snapchat also provided an associated phone number of (785) 466-1052 and email account "**bnsnyder67@gmail.com**" (**TARGET ACCOUNT**). Snapchat also provided content, which included the two reported files as well as an additional image depicting a prepubescent female subjected to a sex act with an adult. The content also included a depiction of Brandi Snyder.

10. Detective McMahon was able to identify Brandi Nicole Snyder, xx/xx/1987. Further investigation suggested Snyder was residing in Americus, Kansas with her father.

11. On January 27, 2022, Detective McMahon made contact with Brandi at her father's residence 102 Main St, lot #16 Americus, Kansas. Brandi was located and agreed to talk with Detective McMahon in his car for privacy.

12. During that conversation, Brandi identified herself and confirmed she was the Snapchat account user "beautifulcat87." She identified her cellphone as an unknown model Motorola cellphone and confirmed her phone number as (785) 466-1052.

13. Relative to her Snapchat account, Brandi admitted she received photos and that she was part of an online chat group through Snapchat, that involved BDSM and fantasy role play involving children. Detective McMahon asked Brandi how many photos or images she had been sent, and she advised "lots." Brandie was then asked if she had ever sent those photos or images to other people, which she replied, "Yes, dozens of times."

14. Brandi did not have the cellphone in possession, stating she had lost it describing a situation where the phone was left on the roof of her car and destroyed. Unbeknownst to Brandi, investigators inquired of her father if Brandi's phone was at his residence, and he provided it to investigators who in turn provided it to Detective McMahon who was interviewing Brandi in his car. Detective McMahon, using the phone number provided by Brandi, was able to confirm the phone belonged to her. Brandi, once confronted with the ringing phone, admitted it belonged to her.

15. When Detective McMahon requested her passcode to access the phone, Brandi advised she did not want to provide it due to photos of herself being on the phone. Brandi did, however, provide the passcode so investigators could put the phone into "airplane mode."

16. Following the interview of Brandi, Detective McMahon then obtained a search warrant on January 28, 2022, from Sedgwick County District Court to search the phone, which was a blue Motorola Moto E, serial number ZY22BPSNZQ.

17. The blue Motorola cell phone was examined by the ICAC Digital Forensics Unit. From that examination, over 100 images of interest were located which depicted prepubescent children subjected to sexual acts or exhibiting their genitals. More than 70 of these images were "cache" images. Of particular concern were three images of a 2-3 year old child, of known relation to Brandi Snyder, which were co-located with the cached child pornography images. These three images depicted: 1) the child's face, such that the child is easily identifiable, wearing a red shirt; 2) a depiction of a child's exposed genitals, which does not show the child's face but shows a red shirt, and the depicted child's age, gender, and race is consistent with the first picture, and 3) a picture showing an adult hand manipulating the buttocks of a child (of consistent age, gender, and race) to focus on the anus, and the adult hand appears consistent with characteristics seen of Brandi's hand in images where she appears to manipulate her own genitals. The presence of these images, along with other child pornography and her admitted involvement in conversing with others about sex with children, suggest that Brandi may be producing images of child pornography involving the 2-3 year old child.

18. Of the 100 images of interest, roughly 30 images were not cache images and had a file path that included ".privacy safe/picture" in the file path.

19. A search of installed applications resulted in locating at least one application that hid or disguised images and videos. The device included an application which purported to be a

calculator, but with the entry of a password, allowed the user to access and store files in an encrypted folder. Investigators were able to discern the password and gain access to the gallery, which included images that appeared to include Brandi Snyder as well as depictions of prepubescent females subjected to penetrative sex acts.

20. Within the cache images, investigators found file-path information indicating that files, depicting prepubescent females (displaying their exposed genitals or being subjected to penetrative sex acts), were either sent or received using the "Kik" application, which was found to be an installed application on the device.

21. Investigators located the Kik application on the device and found the following account information:

   a. Name: Brandi Snyder

   b. User Name: BNicole9587

   c. Associated email address: brandisnyder87@yahoo.com.

The device, via the application, indicated the account was 454 days old (indicating the account had been operational for roughly a year and a half, around April 2021).

22. I know from training and experience that users of Gmail accounts, and particularly those who use Android devices, will frequently connect the device to a Google (Gmail) account for the purpose of allowing "back-ups" of the device to Google, which frees up memory on the device. Thus, images that were at one point in time on the device may be found within an associated Google (Gmail) account in the user's Google Photos.

23. During his investigation, Detective McMahon learned that another ICAC detective was investigating a different Snapchat account that appeared connected to Brandi Snyder, under her maiden of McDiffett. More specifically, on October 5, 2021, Snapchat reported in Cyber Tip 1037838804 that it had detected the user of "mcdiffett87" sending an image depicting an adult male, with his penis exposed, spreading the naked buttocks of a prepubescent female to expose the child's anus and genitals. As part of its report, Snapchat identified the user with an associated email of "brandisnyder87@yahoo.com," as well as IP address information.

24. Detective Mackey obtained a search warrant for Snapchat user account "mcdiffett87" from the Sedgwick County District Court. The search warrant results were provided to Detective Mackey from Snapchat and contained 17 images, some of which depicted prepubescent children subjected to sexual acts. The IP address used to access the Snapchat account on December 1, 2021 at 14:40:27 hours was 166.181.86.129, which was maintained by US Cellular.

25. Detective Mackey obtained a search warrant for Yahoo user account "brandisnyder87@yahoo.com" from the Sedgwick County District Court. The search warrant results were provided to Detective Mackey from Yahoo. The contents contained a variety of emails, which provided information related to Brandi Snyder. Some of the information contained the name "Brandi Nicole Snyder", the phone number 785-466-1052, which is a US Cellular phone number.

## CHARACTERISTICS OF CHILD PORNOGRAPHERS

26. From my own observation and experience, as well as conversation with other experienced investigators, including those at the Kansas ICAC, I have learned the following regarding child pornography offenders.

27. The majority of individuals who collect child pornography are persons who have a sexual attraction to children. They receive sexual gratification and satisfaction from sexual fantasies fueled by depictions of children that are sexual in nature. In this investigation, Brandi Snyder has exhibited an interest in the sexual exploitation of children, and appears to have found like-minded offenders on Kik and Snapchat, which have been created using Gmail and Yahoo accounts.

28. The majority of individuals who collect child pornography collect sexually explicit materials, which may consist of photographs, magazines, motion pictures, video tapes, books, slides, computer graphics or digital or other images for their own sexual gratification. The majority of these individuals also collect child erotica, which may consist of images or text that do not rise to the level of child pornography, but which nonetheless fuel their deviant sexual fantasies involving children. In this investigation, Brandi Snyder appears to have created, distributed, received and retained images of minors engaged in sex acts, including on her device, for usage via social media, including Kik and Snapchat.

29. The majority of individuals who collect child pornography often seek out like-minded individuals, either in person or on the Internet, to share information and trade depictions of child pornography and child erotica as a means of gaining status, trust, acceptance and support. This contact also helps these individuals to rationalize and validate their deviant sexual interest

and associated behavior. The different Internet-based mediums used by such individuals to communicate with each other include, but are not limited to, P2P, e-mail, e-mail groups, bulletin boards, IRC, newsgroups, instant messaging, and other similar vehicles. Frequently, multiple mediums will be used. In this case, Brandi Snyder appears to have found like-minded offenders using multiple accounts, including Kik and Snapchat, and likely has used additional means of communication or sharing to avoid the likelihood of detection, including her email accounts to either create additional social media accounts or to communicate directly with another offender.

30. The majority of individuals who collect child pornography often collect, read, copy or maintain names, addresses (including e-mail addresses), phone numbers, or lists of persons who have advertised or otherwise made known in publications and on the Internet that they have similar sexual interests. These contacts are maintained as a means of personal referral, exchange, or commercial profit. This is particularly true where, as here, the individuals are in contact with other like-minded offenders.

31. Because of the many characteristics of child pornography which Brandi Snyder manifests (discussed above), the Google account created and operated by her is likely to contain evidence of her criminal activities, including: stored child pornography (particularly as backups or in Google Photos); evidence of creation, access, and operation of the accounts (including Snapchat, Kik, and online storage) used in the production, distribution and receipt of child pornography; and evidence associated with user attribution for the accounts (such as IP information, registration information, and messages indicating verifying account access).

## CONCLUSION

32. Based on the foregoing facts, there is probable cause to believe the above-identified Google account (further described in Attachment A) have been used to facilitate or commit the production, transportation, distribution, receipt, and possession of child pornography, in violation of 18 U.S.C. §§ 2251, 2252, and 2252A, and that evidence of those criminal offenses will be located in the account described above. Further, I submit that such evidence, listed in Attachment B to this affidavit, constitutes contraband, the fruits of crime, or things otherwise criminally possessed, or property which is or has been used as the means of committing the foregoing offenses.

33. Therefore, I respectfully request that the attached warrant be issued authorizing the search and seizure of the account, listed in Attachment A, for the evidence listed in Attachment B.

Respectfully submitted,

John V. Ferreira
Special Agent
Homeland Security Investigations

Subscribed and sworn to before me, telephonically, on __Jul 28, 2022__, 2022.

KENNETH G. GALE
UNITED STATES MAGISTRATE JUDGE

## ATTACHMENT A

### Description of Account(s) to Searched/Examined

This warrant applies to information associated with the Google Account, identified as

**BNSNYDER67@GMAIL.COM**

that is stored at premises owned, maintained, controlled, or operated by Google LLC., a company headquartered in Mountain View, California.

## ATTACHMENT B

### Particular Things to be Seized

**I.  Information to be disclosed by Google**

To the extent that the information described in Attachment A is within the possession, custody, or control of Google LLC ("Google"), regardless of whether such information is located within or outside of the United States, including any messages, records, files, logs, or information that have been deleted but are still available to Google, or have been preserved pursuant to a request made under 18 U.S.C. § 2703(f), Google is required to disclose the following information to the government for each user ID listed in Attachment A:

(a) All contact and personal identifying information provided to Google, during the registration process or at any time thereafter;

(b) All public-facing profile information for the account,

(c) All photos and videos uploaded by that user and all photos and videos uploaded by any other user to that account, including Exchangeable Image File ("EXIF") data and any other metadata associated with those photos and video;

(d) All contacts of the account, lists of approved users, and including the privacy settings associated with such lists;

(e) All groups and networks of which the user is a member;

(f) All activity logs, including IP addresses, for the account and all other documents showing the user's activity, including Google Photos and Google Drive activities;

(g) All records or other information regarding the devices and internet browsers associated with, or used in connection with, the identified account, including the

2

        hardware model, operating system version, unique device identifiers, and mobile network information;

(h)    All other records and contents of communications and messages made or received by the user;

(i)    All IP logs, including all records of the IP addresses that logged into the account;

(j)    The types of service utilized by the user;

(k)    The length of service (including start date) and the means and source of any payments associated with the service (including any credit card or bank account number);

(l)    All privacy settings and other account settings for the identified account;

(m)    All records pertaining to communications between Google and any person regarding the identified account, including contacts with support services and records of actions taken.

Google is hereby ordered to disclose the above information to the government within **30 DAYS** of issuance of this warrant. (Google may request an extension, and such extension may be authorized by the receiving agent or agency, John Ferreira of HSI.)

**II.**    **Information to be seized by the government**

All information described above in Section I that constitutes fruits, evidence and instrumentalities of violations of the criminal violations of 18 U.S.C. §§ 2251, 2252A(a)(2) and 2252A(a)(5)(B), as described in the Affidavit, including information pertaining to the following matters:

3

(a) The identity of the person(s) who created or used the Google account, including records that help reveal the whereabouts of such person(s);

(b) Evidence indicating how and when the Google account was accessed or used, to determine the chronological and geographic context of account access, use, and events relating to the crime under investigation and to the Google account owner;

(c) Evidence indicating the Google account owner's state of mind as it relates to the crimes under investigation;

(d) Evidence of visual depictions of minors engaged in sexually explicit conduct, child pornography, child erotica, and communications pertaining to child pornography, child sexual abuse, and child sexual exploitation;

(e) Evidence pertaining to operation of, or communication with, the Kik, Snapchat, Yahoo, and Gmail accounts described in the attached affidavit;

(f) Evidence showing communications with or about minors.

This warrant authorizes a review of electronically stored information, communications, other records and information disclosed pursuant to this warrant in order to locate evidence, fruits, and instrumentalities described in this warrant. The review of this electronic data may be conducted by any government personnel assisting in the investigation, who may include, in addition to law enforcement officers and agents, attorneys for the government, attorney support staff, and technical experts. Pursuant to this warrant, the HSI may deliver a complete copy of the disclosed electronic data to the custody and control of attorneys for the government and their support staff for their independent review.